[Civ. No. 37617. First Dist., Div. One. Nov. 8, 1976.]

JOY HEATON, Plaintiff and Respondent, v.
MARIN COUNTY EMPLOYEES RETIREMENT BOARD,
Defendant and Appellant.

## COUNSEL

Douglas J. Maloney, County Counsel, and Thomas G. Hendricks, Assistant County Counsel, for Defendant and Appellant.

W. O. Weissich and Suzanne E. Graber for Plaintiff and Respondent.

## OPINION

BRAY, J.*—Defendant and appellant Marin County Employees Retirement Board appeals from a judgment of the Marin County Superior Court ordering the issuance of a peremptory writ of mandate.

### ISSUES PRESENTED

1. The Legislature has not evidenced an intent that disability claims arising under workers' compensation law and county employees' retirement law be treated differently.

2. The courts have not determined that decisions under workers' compensation law are not precedents with respect to the county employees' retirement law.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

3. If a test requiring 100 percent (or thereabouts) causation is not adopted, the retirement board's right to hear disability claims will not be rendered meaningless.

4. This appeal is not frivolous.

## RECORD

After more than nine years' employment in the Sheriff's Department of Marin County as a jail matron, respondent Mrs. Joy Heaton filed with appellant an application for service-connected disability retirement. Appellant granted her application reserving the issue of whether the disability was service-connected. Thereafter appellant appointed a hearing officer to determine that question. Hearings were held and the hearing officer filed his opinion finding "that Joy Heaton's disability is a result of injury or disease arising out of and in the course of her employment." Appellant then held a hearing at which no witnesses were heard nor testimony taken and denied respondent's application for service-connected retirement.

Thereafter respondent filed in the Marin County Superior Court a petition for writ of mandate. The trial court found that appellant retirement board was required by the evidence and the law to uphold the opinion of the hearing officer that respondent was entitled to disability retirement benefits and that appellant's rejection of the hearing officer's opinion constituted a prejudicial abuse of discretion within the meaning of Code of Civil Procedure section 1094.5, subdivision (b).

## FACTS

In 1964, respondent commenced employment in the Marin County Sheriff's Department as a matron in the county jail. Her duties were to take care of the needs of the female prisoners. In January 1970 the county jail facilities were moved and respondent was "locked in" at the new jail facilities which situation was stressful to her. In 1971 or 1972 she was third in seniority and had been promised a day shift. The new head matron, Evelyn Gosser, gave respondent a split shift which resulted in her working irregular hours. Respondent testified that she was told that if she "didn't like it, [she] knew what [she could] do about it." As a result, she became upset. She testified that she felt the principal cause of her nervousness was that Mrs. Gosser had become supervisor while she was

given the "dirty work" such as taking the female prisoners to court. She experienced problems of physical violence from female prisoners who resisted being placed in cells.

Respondent testified that she became very nervous and that in the morning she would vomit and that sometimes there would be blood. She would have to take tranquilizers when she began to get ready for work and perspired heavily when she thought about going to work. She went to a doctor who prescribed various tranquilizers and advised her to quit her job.

Respondent also testified that she had problems at home concerning her husband and children; however, she attributed her condition to her employment at the sheriff's department. She described herself as a "nervous wreck." She could not sleep, perspired profusely, vomited and suffered from diarrhea. Since July 1973 she has not worked.

Arthur Kader, respondent's employer prior to her employment at the sheriff's department, testified that during her employment with him, she did not manifest the usual symptoms of nervousness such as shaking or vomiting. Alta Thiele, a friend of respondent, observed that respondent had become very nervous during the years she had worked at the sheriff's department. Mrs. Thiele assumed that respondent's job was the cause of her emotional problems.

Dr. Tracy A. Newkirk examined respondent on February 5, 1974, at appellant's request. Dr. Newkirk's primary finding was that respondent was extremely anxious. From her history he could not find any anxiety reactions prior to her employment at the sheriff's department. He could not rule out the possibility that respondent suffered an acute anxiety reaction caused at least partially by her employment, which reaction continued despite her resignation.

From this testimony the hearing officer found that respondent's disability was service-connected.

1. The Legislature has not evidenced an intent that disability claims arising under workers' compensation and county employees' retirement law be treated differently.

It is appellant's basic contention that in situations involving retirement disability, there is a requirement that the employment be the sole or at

least the substantial contributing cause of the disability before retirement disability may be awarded. Appellant seeks to demonstrate this by contrasting county employees' retirement law and workers' compensation law to substantiate its claim that the Legislature and the courts intend that, despite the similarity in language, the two bodies of law are to be treated differently.

The facts in this case are not in dispute. Appellant concedes that the trial court had the authority to exercise its independent judgment on the evidence in the case. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44-45 [112 Cal.Rptr. 805, 520 P.2d 29].) ▉ In so doing, the trial court found that appellant board abused its discretion in rejecting the hearing officer's finding that Mrs. Heaton was entitled to service-connected disability. Specifically, the trial court found: ". . . the effects of her job would be very substantially less than 50% of the causal situation for her disability, but we can't gainsay that it was one of the causative factors for disability, and I really think that is what is controlling."

Appellant points out that the trial judge concluded that the disability arose out of a *variety* of causes, but that a *part* of the cause arose from employment. In the view of the judge it was this small part that entitled respondent to a full retirement for disability. Appellant challenges this interpretation. It appears that this question is one of first impression in this court.

Section 31720 of the Government Code provides in pertinent part as follows: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: [¶] (a) His incapacity is a result of injury or disease arising out of and in the course of his employment, or [¶] (b) He has completed five years of service, and [¶] (c) He has not waived retirement in respect to the particular incapacity or aggravation thereof as provided by Section 31009."

Appellant notes that a portion of the quoted language, to wit, "arising out of and in the course of his employment" is identical to that employed in section 3600 of the Labor Code (workers' compensation law). Appellant argues, nonetheless, that the Legislature intended that the two bodies of law be treated differently. Appellant suggests that the rationale for this *distinction is* the fact that workers' compensation awards are

subject to apportionment according to the degree of injury while retirement for disability is an all or nothing proposition.

In support of its contention, appellant first maintains that Government Code section 31720 by its very language indicates that the circumstances of retirement disability should be limited to only the most extreme cases. Appellant cites to the language "if, and only if" to demonstrate legislative intent in this regard. A closer look at this provision merely evidences the legislative intent that retirement disability be awarded "if, and only if" the injury is *service-connected.* It does not in any way refer to some requisite seriousness of injury as a condition for disability retirement. The statute simply limits retirement disability to cases where the injury arose out of and in the course of employment.

Appellant next directs the court's attention to several differences between workers' compensation law and county employees' retirement law which appellant argues indicate a clear legislative intent to differentiate the two systems. In this regard appellant points to the fact that the Legislature enacted Government Code section 31720.5 in 1951 to provide a presumption of service-connection for heart difficulties in the case of persons in active law enforcement and fire service. Appellant argues that the Legislature's failure to provide for such a presumption for "anxiety," as is the case here, must be presumed to be a deliberate exclusion and a legislative expression that in such a case, the employment must be *the* cause. Appellant further maintains that the legislative creation of a number of presumptions similar to Government Code section 31720.5 in Labor Code sections 3212 through 3212.7 (heart trouble, hernia, pneumonia, tuberculosis) indicates a clear legislative intent to differentiate between the two systems. Such logic is fallacious and the argument is without merit. The inferences are unsupported and the assumptions are questionable.

Appellant cites *Pathe* v. *City of Bakersfield* (1967) 255 Cal.App.2d 409, 414 [63 Cal.Rptr. 220], as an articulation of its position that there is a distinction between the two systems: "It is indisputable that the Industrial Accident Commission and the pension board exist for entirely different reasons and were established to attain wholly independent objectives. The Industrial Accident Commission exists primarily to adjudicate workmen's compensation claims under the general laws adopted by the Legislature pursuant to the Constitution. Its main objective, therefore, is to carry out the legislative scheme which is to

provide adequate compensation for employees, public and private, who are injured in the course and scope of their employment while such employees are disabled and incapable of earning a living. On the other hand, the pension board is concerned only with the retirement of a limited class of public employees under a retirement system which was adopted primarily for the betterment of city government. Its objective is not only to recognize the public obligation to certain employees who after long and faithful service become incapacitated by age or physical disabilities, but it is also to make certain that these employees will be replaced by more capable employees for the betterment of the public service without undue hardship on the employees removed [citation]." Notwithstanding this basic distinction between the functions of the two independent tribunals, the court in *Pathe* concluded (at p. 416) that with regard to the case presented, the two laws are in harmony rather than in conflict. Moreover, the court in *Minor* v. *Sonoma County Employees Retirement Bd.* (1975) 53 Cal.App.3d 540, 544 [126 Cal.Rptr. 16], cited *Pathe* with approval for the proposition that it might be appropriate to analogize a workers' compensation rule to proceedings before a retirement board: "In view of the similarity of the service-connectedness language in the statutes governing retirement boards (Gov. Code, § 31720, subd. (a)) and workmen's compensation appeals boards (Lab. Code, § 3600), and the fact that, although the two schemes are independent and serve different functions, their purposes are 'in harmony rather than in conflict' (*Pathe* v. *City of Bakersfield,* 255 Cal.App.2d 409, 416 [63 Cal.Rptr. 220]), application of such a nonstatutory rule by analogy might be appropriate." Thus it seems clear that the tendency is to view the two bodies of law as compatible rather than the opposite.

An examination of the legislative record and history of Government Code section 31720 reveals no discussion of the precise issue appellant raises. A simple reading of subdivision (a) of section 31720 does not disclose the requirement which appellant would propose. Moreover there are two provisions in section 31720 which demonstrate that the disability does not have to be entirely service-connected. The section states that a member "permanently incapacitated . . . shall be retired for disability . . . if, and only if: [¶] (a) His incapacity is *a* result of injury or disease arising out of and in the course of his employment," not *the* result thereof. (Italics added.) Had the Legislature determined that the incapacity had to be completely service-connected the Legislature would have stated that his incapacity must be *the* result of his employment.

Also, under subdivision (b) a member who is permanently incapacitated for the performance of duty who has completed five years of service shall be retired regardless of whether the incapacity is a result of injury or disease arising out of and in the course of his employment. ■ It is a well established rule that courts are bound to give effect to statutes according to the usual, ordinary import of language employed in framing them. (*People* v. *Jones* (1964) 228 Cal.App.2d 74, 83 [39 Cal.Rptr. 302].) All that subdivision (a) requires is that the incapacity be *a* result of injury or disease arising out of and in the course of the claimant's employment.

Appellant essentially urges this court to rewrite the statute to provide that disability retirement be awarded only when the incapacity is caused solely by an injury or disease arising out of employment. It is not the function of this court to legislate, and such a construction of the statute would severely limit its present applicability. ■ As is stated in *Gorman* v. *Cranston* (1966) 64 Cal.2d 441, 444 [50 Cal.Rptr. 533, 413 P.2d 133]: "It has long been settled in this state that pension legislation is to be liberally construed. In *Jorgenson* v. *Cranston,* 211 Cal.App.2d 292, 296 [27 Cal.Rptr. 297], the rule is stated thus: ' "[P]ension legislation must be liberally construed and applied to the end that the beneficent results of such legislation may be achieved. Pension provisions in our law are founded upon sound public policy and with the objects of protecting, in a proper case, the pensioner and his dependents against economic insecurity. In order to confer the benefits intended, such legislation should be applied fairly and broadly." ' " The question appellant presents should be left to the Legislature to determine whether revision is appropriate.

The expressed purpose of the county employees' retirement law "is to recognize a public obligation to county and district employees who become incapacitated by age or long service in public employment . . . by making provision for retirement compensation and death benefit . . . and to provide a means by which public employees who become incapacitated may be replaced by more capable employees . . . without inflicting a hardship upon the employees removed." (Gov. Code, § 31451.) The statutory scheme as a whole does not lend itself to the interpretation appellant would press upon this court. There is in the statute purposeful recognition of the public obligation to provide for the well-being of those public employees who become incapacitated and must be replaced by others. It is not for this court to arbitrarily limit the benefits presently extended by the Legislature.

2. The courts have not determined that decisions under the workers' compensation law are not precedents with respect to the county employees' retirement law.

Appellant notes that under current law, it is entirely possible that an individual employee may have not only a claim for disability under the county employee's retirement law but also a claim for workers' compensation; thus it would appear that a hearing before either the retirement board or the Industrial Accident Commission would be binding on the other. Because there are cases which hold that determinations under the workers' compensation law are not res judicata as to retirement proceedings (*Petry* v. *Board of Retirement* (1969) 273 Cal.App.2d 124 [77 Cal.Rptr. 891]; *Flaherty* v. *Board of Retirement* (1961) 198 Cal.App.2d 397 [18 Cal.Rptr. 256]), appellant argues that this signifies that decisions made under the workers' compensation law are not precedents for county employees' retirement law.

The cases cited by appellant regarding the interplay of workers' compensation decisions and retirement board decisions involve only principles of res judicata and do not concern the applicability to the latter system of rules developed under the former. In light of *Pathe* and *Minor* (see also *Buckley* v. *Roche* (1931) 214 Cal. 241, 245 [4 P.2d 929]), the great disparity in the two systems which appellant insists exists, does not appear to be profound. To the contrary, it appears that many of the similarities between the two have been recognized by the courts and acted upon accordingly.

3. If a test requiring 100 percent (or thereabouts) causation is not adopted, the retirement board's right to hear disability claims will not be rendered meaningless.

■ Appellant's final argument is basically that this court should rewrite Government Code section 31720 to require that the employment must be the *sole* cause where the permanent incapacity is due to mental, rather than physical disability. This, appellant contends, is because it is completely beyond the art of the psychiatrist to delimit causation of psychiatric disorders. Thus, in every case (such as here) where the symptomatology is somewhat subjective, the expert would as a matter of course conclude that a contributing cause was a preexisting condition, family life, or employment conditions. Appellant argues this works an unfair result under retirement law, since even an infinitesimal contribu-

tion to the disability might require full compensation, whereas under workers' compensation law, an employer bears only his share of what he has been found to have caused.

It appears that appellant's remedy, here too, is with the Legislature. Appellant points to no authority which would compel this court to rule that an employee suffering a mental disability as a result of employment is required to bear a heavier and different burden than one who sustains a purely physical disability. Moreover, section 31722 of the Government Code which sets out the requirements for applying for service-connected disability explicitly recognizes that such a disability may be mental as well as physical in nature. That section states: "The application shall be made while the member is in service, within four months after his discontinuance of service, or while from the date of discontinuance of service to the time of the application he is continuously *physically or mentally* incapacitated to perform his duties." (Italics added.) This court has no authority to rewrite the law to conform to appellant's view of what it should be. Appellant's complaint is with the Legislature.

4. This appeal is not frivolous.

██ Respondent argues that this court should penalize appellant for taking a frivolous appeal. Respondent requests this court to take judicial notice pursuant to sections 451 and 452 of the Evidence Code of an unpublished opinion of this court wherein appellant raised the same issues on appeal that have been raised here.

Respondent contends that appellant's purpose in pursuing this appeal is to make a "test" case out of respondent's disability claim and is patently unjust to her since it allows appellant to pursue a second opportunity to have the applicable law changed by this court. It appears that this is an attempt by respondent to circumvent the strictures of rule 977 of the California Rules of Court, which explicitly disallow citation to unpublished opinions, thereby establishing that they are not to be considered of precedential value.

The power to penalize a party for filing a frivolous appeal is properly exercised when the appeal is entirely barren of merit and frivolous in the extreme. (*Seidell* v. *Tuxedo Land Co.* (1932) 216 Cal. 165, 171 [13 P.2d 686].) On its face, the instant appeal has raised substantial issues requiring more than a cursory inspection. It therefore seems improper to penalize appellant.

Contrary to appellant's assertion that careful review of workers' compensation law and county employees' retirement law will reveal different interpretation of language, the opposite appears to be the case. It cannot be denied that the two bodies of law, despite the fact that they are independent statutory schemes, overlap in some of their functions. Comparison of the two does not in any way support appellant's contention that under retirement law, employment must be the sole or substantial cause of disability before an award may be made. Neither does appellant direct this court's attention to any specific authority which might support such an interpretation.

To construe the statute as appellant proposes would markedly alter the plain meaning of the language as it presently exists.

Judgment affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1976.