[L.A. No. 32073. Sept. 25, 1986.]

ANGELITA HOFFMAN, Plaintiff and Respondent, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION,
Defendant and Appellant.

**COUNSEL**

Lemaire & Faunce, Lemaire, Faunce & Katznelson, Mark Ellis Singer, Edward L. Faunce and Steven R. Pingel for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, Milton J. Litvin, Assistant County Counsel, and Daniel E. McCoy, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**REYNOSO, J.**—This is a companion case to *Bowen* v. *Board of Retirement, ante,* page 572 [229 Cal.Rptr. 814, 724 P.2d 500]. Like the employee in *Bowen,* Angelita Hoffman applied for a service-connected disability retirement under Government Code section 31720.[1] The Board of Retirement of the Los Angeles County Employees' Retirement Association (Board) denied her request, instead granting her a nonservice-connected disability pension. Subsequently, the superior court denied her writ petition for a service-

---

[1] In this opinion, all statutory references are to the Government Code.

connected pension. The Court of Appeal reversed, concluding that the superior court applied an erroneous standard of proof in ruling on the evidence. We reverse the Court of Appeal and remand in light of *Bowen*.

Hoffman worked for the County of Los Angeles in a clerical position from July 1972 until July 23, 1976, when she became ill at work with what she believed to be a stroke.[2] Medical records indicate that Hoffman suffers from hypertension, diabetes, depression and chronic anxiety, and that her hypertension and diabetes antedated her county employment. While some medical reports stated that appellant's anxiety and hypertension were significantly aggravated by her employment, other doctors' reports attributed her disability to nonindustrial causes. The Board awarded Hoffman a disability pension on November 5, 1980, but concluded that her disability was not service connected.[3]

Section 31720 controls the right of a county employee to a service-connected disability retirement. Before its amendment in 1980, section 31720 provided: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: (a) His incapacity is a result of injury or disease arising out of and in the course of his employment . . . ." The 1980 amendment to section 31720 added a "substantial contribution" test to subdivision (a): "and such employment contributes substantially to such incapacity . . . ." In addition, the 1980 amendment provided: "The amendments to this section . . . shall be applicable to all applicants for disability retirement on or after the effective date of such amendments."

Before the effective date (Jan. 1, 1981) of the amendment, Hoffman applied for disability retirement and was awarded a nonservice-connected pension. However, her writ petition to the superior court was heard after the amendment's effective date. The superior court decided to apply the substantial contribution test of the amended statute to Hoffman's case and determined that her disability had not met the test for a service-connected pension.

The Court of Appeal concluded that the 1980 amendment to section 31720 substantively changed the law by creating a stricter standard of proof for a service-connected disability retirement. Because the Legislature did not expressly state that the 1980 amendment should apply to all employees who became applicants for disability retirement before the amendment's effective

---

[2]Medical records describe Hoffman's illness as a "hysterical syncopal episode," a "transient ischemic attack" and a "cerebrovascular accident."

[3]The amount of an employee's pension varies depending on whether the disability is service connected or nonservice connected. (See §§ 31727, 31727.4, and 31727.7.)

date, the Court of Appeal decided that the amended statute should not be applied retroactively to Hoffman. Accordingly, the court remanded the case so that the superior court could apply the proper test for causation.

■ As a general rule, statutes that affect an employee's substantive rights are construed to operate prospectively. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 392-393 [182 P.2d 159].) We will not give retroactive effect to a statute affecting a substantive right unless the Legislature expressly and clearly declares its intent that the statute operate retroactively. (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 176 [18 Cal.Rptr. 369, 367 P.2d 865].) However, an exception to this rule applies when the legislation operates to clarify existing law, rather than to change it. (*Martin* v. *California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71].)

■ As we explained in *Bowen, supra, ante,* page 572, the 1980 amendment to section 31720 does not substantively change the test for a service-connected disability retirement. Relying on case law interpreting the preamended statute, we determined that the substantial contribution test of amended section 31720 requires substantial evidence of a real and measurable connection between an employee's disability and his employment in order for the employee to qualify for a service-connected disability retirement. (*Id.,* at p. 579; *DePuy* v. *Board of Retirement* (1978) 87 Cal.App.3d 392, 399 [150 Cal.Rptr. 791, 12 A.L.R.4th 1150].) Since amended section 31720 operates to clarify existing law, it may be applied retroactively to Hoffman's application.

The decision of the Court of Appeal is reversed. We direct that court to remand this case to the superior court so that it may apply the proper test of causation consistent with this opinion and *Bowen.*

Bird, C. J., Mosk, J., Broussard, J., and Grodin, J., concurred.

**PANELLI, J.**—I concur in the majority opinion with the reservations expressed in my concurring and dissenting opinion in *Bowen* v. *Board of Retirement, ante,* page 572 [229 Cal.Rptr. 814, 724 P.2d 500].

**LUCAS, J.**—I respectfully dissent. As I concluded in my dissent in *Bowen* v. *Board of Retirement, ante,* page 572 [229 Cal.Rptr. 814, 724 P.2d 500], I believe the 1980 amendment to Government Code section 31720 *changes* the test for service-connected disability retirement benefits, rather than *merely clarifying* existing law, as the majority concludes. As a result of the majority's holding in *Bowen,* the issue of retroactive application of the 1980 amendment need not be resolved since a mere clarification of prior law is

an exception to the general rule that statutes are not ordinarily construed to apply retroactively. (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828, fn. 8 [114 Cal.Rptr. 589, 523 P.2d 629].)

As I indicate in *Bowen,* the majority has chosen to ignore the clear language of the 1980 amendment and corresponding legislative history, and instead has applied an inappropriate standard for industrial causation, thus avoiding the necessity of construing potential constitutional limitations on the retroactive application of the amendment's new standard. I believe we must recognize the intended *change* in the 1980 amendment and squarely address the issue of retroactivity in light of that interpretation.

Respondent's petition for a rehearing was denied October 30, 1986. Lucas, J., and Panelli, J., were of the opinion that the petition should be granted.