[No. B006189. Second Dist., Div. Five. Dec. 4, 1986.]

LOUIS PACHECO, Plaintiff and Appellant, v.
BOARD OF RETIREMENT OF THE COUNTY OF LOS ANGELES
EMPLOYEES' RETIREMENT ASSOCIATION, Defendant and
Respondent.

COUNSEL

Lemaire & Faunce, Lemaire, Faunce & Katznelson and Mark Ellis Singer for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

FEINERMAN, P. J.—Appellant, Louis Pacheco, appeals from a superior court judgment denying his petition for an administrative writ of mandamus. The petition, filed pursuant to Code of Civil Procedure section 1094.5, sought an order directing respondent, Board of Retirement of the County of Los Angeles Employees' Retirement Association (the Board), to award appellant a service-connected disability pension. (Gov. Code, § 31720.) We conclude that the trial court applied the correct standard for determining service-connected disability and that substantial evidence supports its conclusion that appellant's disability is not service-connected. We therefore affirm the judgment.

Appellant commenced employment with Los Angeles County in 1971. Prior to that time he had experienced psychiatric disorders which were exac-

erbated by drug and alcohol abuse. Appellant had consulted with a psychiatrist, had joined Alcoholics Anonymous, and was drug and alcohol free at the time he commenced county employment. Appellant disclosed his prior medical history to county personnel officials who referred him to a counselor whom he saw intermittently throughout his county employment. He experienced psychological problems involving his relationships with coworkers from time to time throughout the period he worked for the county. He expressly recalled having such problems in 1976.

In January 1977, appellant injured his back while lifting a heavy object at work. He did not report the injury and continued to work until March 1977, when he injured his ankle in a fall at his home. He was immobilized for a period of time as a result of the ankle injury. During this time he also experienced back pain. His doctor discharged him to return to work around April 28, 1977. However, appellant's back was now causing him severe pain. It was shortly after this that he first reported his January 1977 back injury and sought medical attention for it. He never returned to work after being incapacitated with the admittedly nonwork-related ankle injury.

Appellant applied for a service-connected disability retirement pension. Following a hearing, a referee determined that appellant was not orthopedically disabled, that he was psychiatrically disabled, but that the disability was not service-connected. The Board adopted the referee's decision and awarded appellant a nonservice-connected pension.

In his administrative mandamus petition, appellant alleged that he was both orthopedically and psychiatrically disabled and that his disability was service-connected. Included in the record below were medical reports from four orthopedists and three psychiatrists. One of the orthopedists found that appellant had no disability. The other three indicated that he was capable of working, subject to lifting restrictions. The trial court found that the lifting restrictions could be accommodated by the county and that appellant therefore was not orthopedically disabled from his employment.

Appellant conceded that "standing alone the orthopedic disability would not preclude him from his employment, but . . . there is an interplay: The physical injury has caused the psychological decompensation." This view, that the industrial back injury had aggravated the preexisting, nondisabling psychiatric condition to an extent that the psychiatric condition became disabling, was supported by the report of one psychiatrist, Dr. Bloch, who attributed 60 percent of appellant's psychiatric disability to his industrial back injury.

Dr. Bloch's conclusions conflicted with those of Dr. Malitz who based his evaluation of appellant on "a two-hour psychiatric examination, a battery

of psychodiagnostic tests and a review of medical and psychiatric reports." According to Dr. Malitz's report, appellant's "responses on the Sentence Completion Test were *not consistent with a post-traumatic disorder*. They reflected diffuse psychopathology pertaining to problems of drinking, over-weight, death of his wife, ambivalence in interpersonal relationships and inappropriate hostility." (Italics added.) The report included examples of appellant's responses which substantiated Dr. Malitz's evaluation. The pertinent conclusions of the report were as follows: "Comprehensive psychiatric examination of Mr. Pacheco, including psychological testing, reveals evidence of a lifelong personality disorder characterized by alcohol and drug abuse, compulsive overeating resulting in marked obesity, periods of hostile and antisocial behavior, problems adjusting to the death of his first wife, problems in interpersonal relations and a period of paranoid delusional thinking in 1978."

"Mr. Pacheco's personality disorder is of such severity that it results in distinct occupational impairment. This examiner believes that the combination of physical and psychiatric disability renders him substantially incapacitated for employment by the Department of Public Social Services."

"Mr. Pacheco's psychiatric disability pre-existed and, at most, was only temporarily aggravated by his industrial and non-industrial injuries. This examiner believes that his present level of psychological functioning is much the same as it was when he was hired by the County of Los Angeles and that his present psychiatric disability is not work-related."

The trial court adopted Dr. Malitz's conclusions in preference to those of Dr. Bloch.[1]

■ After appellant applied for his disability retirement pension, but prior to the hearing on his petition for writ of mandate, the Legislature amended Government Code section 31720 to require that the applicant's employment contribute "substantially" to his incapacity. Prior to the 1980 amendment the statute provided: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: (a) His incapacity is *a* result of injury or disease arising out of and in the course of his employment . . . ." (Italics added.)

At the hearing below, appellant argued that the 1980 amendment changed existing law and imposed a more stringent standard of recovery and that it should therefore be given prospective application only. The trial court ruled,

---

[1]The third psychiatrist had concluded that appellant was not psychiatrically disabled. His report was discounted by both the Board and the trial court.

however, that the 1980 amendment merely clarified existing law and therefore applied retroactively. In so ruling, the trial court anticipated the Supreme Court's rulings in *Bowen* v. *Board of Retirement* (1986) 42 Cal.3d 572 [229 Cal.Rptr. 814, 724 P.2d 500]; and *Hoffman* v. *Board of Retirement* (1986) 42 Cal.3d 590 [229 Cal.Rptr. 825, 724 P.2d 511]. The trial court further anticipated the Supreme Court's rulings when it held that substantial causation meant a " 'material and traceable cause.' " (*Bowen, supra,* at p. 578.)

Appellant argues that because the trial judge herein also tried *Bowen, supra,* 42 Cal.3d 572, and *Hoffman, supra,* 42 Cal.3d 590, and because the Supreme Court directed that those matters be remanded, this one should be too. In neither *Bowen, supra,* 42 Cal.3d 572, nor *Hoffman, supra,* 42 Cal.3d 590, did the trial court articulate a determination that substantial causation meant a "material and traceable cause," as it did in this case. Thus, remand to articulate the standard of causation in this case would serve no useful purpose, since the trial court has already accurately done so.

Appellant next argues that even if the appropriate standard of causation was articulated, it was not applied because the evidence was insufficient to support the trial court's conclusion that the standard was not met. Specifically, appellant cites that portion of Dr. Malitz's report, which states the belief that "the combination of physical and psychiatric disability" rendered appellant substantially incapacitated. Appellant argues that as a matter of law this finding must be interpreted to mean that the injury to his back was a substantial cause of his disability. The quoted statement is ambiguous, however, as to what physical disability the doctor was referring to. It could have referred to appellant's obesity which was recognized as a substantial contributory factor to his psychiatric problems by all three psychiatrists. Appellant had the burden of proving that the statement referred to disability arising out of the industrial injury, but chose to leave the record ambiguous.

More importantly, as the trial court noted, it was not obliged to pick out just one small part of Dr. Malitz's report to base its decision upon, but could appropriately consider the report as a whole and give greatest weight to the doctor's overall conclusion that appellant's disability was not work related. In so ruling, the court did not abuse its discretion.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.