[L. A. No. 29701. In Bank. Apr. 30, 1970.]

LAURA EDITH GARZOLI, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CITY OF SAN LUIS OBISPO et al., Respondents.

**COUNSEL**

Morgan, Beauzay & Hammer and Victor H. Beauzay for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Nathan Mudge, Gabriel Sipos, T. Groezinger, Loton Wells and Arthur C. Jones for Respondents.

**OPINION**

**McCOMB, J.**—Petitioner seeks annulment of a decision after reconsideration by the Workmen's Compensation Appeals Board, which held that, by reason of the going and coming rule, the death of petitioner's husband was not compensable.

*Facts:* Petitioner's decedent was a sergeant with the San Luis Obispo Police Department. On June 6, 1968, he began his regular shift at 4 p.m. and "checked out" with the lieutenant or watch manager at midnight. He started home on his own motorcycle (which he did not use in his work), wearing his police uniform and carrying his pistol. A few minutes later, his motorcycle was struck by a negligently driven automobile, and he sustained severe injuries, which caused his death July 4, 1968.

There was evidence that petitioner's decedent was on call 24 hours a day; that he had been called many times to report for duty at a time other than his regular shift (such as when a riot was anticipated, or the lieutenant or watch manager had to be away, or for marksmanship practice); that the police department's "Manual of Policies and Procedure" did not deal with the matter of a police officer's normal going and coming between his home and the police station; and that although the manual provided that police officers were prohibited from engaging in law enforcement activities while off duty within the city except in cases of extreme emergency or when it appeared that someone's life was in danger, such policy was not followed by the department, and off-duty officers were expected to render assistance in less serious situations.

In the latter respect, the chief of the police department testified: "If somebody was in need of help, and in a small community of our size where a policeman is known by just about every individual, and he refused to help—well, what would happen to him and what would happen to the police department as a whole? So as a consequence if somebody needed help, and irregardless of whether he had a weapon or not, I would censor [*sic*] them if they did not help these people."

The chief further testified that there was no adequate place for a police officer to change from street clothes into his uniform, or vice versa, at the police station and that it was with his consent that an officer might wear his uniform and carry his pistol in going and coming between his home and the police station.

The lieutenant or watch manager with whom the decedent had "checked out" at midnight when he left the station testified that it was with his knowledge and consent that the decedent wore his uniform, carried his pistol,

and rode his motorcycle in going and coming between his home and the police station. He also testified that he had worked the same shift as the decedent that night; that he came upon the scene of the accident shortly after it occurred; and that he immediately "in [his] official capacity . . . administered first aid and questioned the persons standing there," assisted fellow officers in apprehending the driver of the automobile involved in the accident (hit and run), and made an official report as an investigating officer.

There was also evidence that the decedent lived about a mile and a quarter or a mile and a half from the police station; that there was no public transportation available to him; that the only way he could go to work was to walk, drive his own vehicle, or hire a taxi; and that the city did not pay him any mileage.

Following an award of benefits to petitioner, the city and the insurance carrier petitioned for reconsideration, which was granted, respondent appeals board holding that petitioners' claim was barred by the going and coming rule.

■ Question: *Is petitioner's claim barred by the going and coming rule?*

*No.* ■ Ordinarily, under the going and coming rule, an injury which occurs while an employee is driving to or from work is not compensable. **(3)** This rule, however, is subject to many exceptions. (See *Zenith Nat. Ins. Co.* v. *Workmen's Comp. App. Bd.,* 66 Cal.2d 944, 945-946 [59 Cal.Rptr. 622, 428 P.2d 606]; *Schreifer* v. *Industrial Acc. Com.,* 61 Cal. 2d 289, 291 [38 Cal.Rptr. 352, 391 P.2d 832].)

In determining whether the facts bring a case within the general rule or cause it to fall within an exception thereto, the mandate of section 3202 of the Labor Code must be kept in mind. That section requires that the provisions of the Workmen's Compensation Act be "liberally construed by the courts with the purpose of extending the benefits for the protection of persons injured in the course of their employment."

■ In the present case, the fact that the decedent was on 24-hour call is not sufficient to render the going and coming rule inapplicable. (Cf. *Schreifer* v. *Industrial Acc. Com., supra,* 61 Cal.2d 289.) However, the principles enunciated in *Smith* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365], warrant a holding that under the circumstances here shown the going and coming exclusion does not apply.

In *Smith,* the employee, who was injured in an automobile accident on his way to work and subsequently died, was required to furnish a vehicle

of transportation on his job, and it was held that such requirement curtailed application of the going and coming exclusion. Thus, at pages 819-820 this court said: *"Postal Telegraph [Postal Tel.-Cable Co. v. Industrial Acc. Com.,* 1 Cal.2d 730 [37 P.2d 441, 96 A.L.R. 460]] must be overruled because it does not recognize an important limitation upon the going and coming rule. That limitation arises from the principle that an employee 'is performing service growing out of and incidental to his employment' (Lab. Code, § 3600) when he engages in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer. Suspension of the employment relation and consequent non-coverage of the employee is [*sic*] incompatible with performance of service required by the employer. Hence the employer's requirement that the worker furnish a vehicle of transportation on the job curtails the application of the going and coming exclusion."

In the present case, the city did not require that the decedent furnish a vehicle of transportation on the job. From the testimony of the police chief, however, it is clear that, as a practical matter, the decedent was required to wear his official uniform to and from work and that, at least when so clothed, carrying his pistol, and traveling conspicuously in the public streets on a motorcycle on his way home immediately after completing his shift, he was expected to render assistance to members of the public in the field of law enforcement, if needed.

Accordingly, it is a reasonable extension of the exception laid down in *Smith* to hold that under the circumstances here shown, the decedent was engaged "in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer," as a result of which the going and coming exclusion is inapplicable.

In its decision after reconsideration, respondent appeals board relies on certain writ denied cases involving policemen or policewomen on their way to or from work, in which cases it was determined that the going and coming rule applied. (*Pollio* v. *Workmen's Comp. App. Bd.,* 33 Cal. Comp. Cases 8; *Vierregger* v. *Workmen's Comp. App. Bd.,* 32 Cal. Comp. Cases 351; *Fox* v. *Industrial Acc. Com.,* 27 Cal. Comp. Cases 247; *McIntyre* v. *Industrial Acc. Com.,* 25 Cal. Comp. Cases 95.) In none of those cases, however, was the police officer riding conspicuously on the public streets in full uniform on a motorcycle. In addition, unlike the situation in the present case, in *Pollio* the policeman was driving his own vehicle although free public transportation was available to him, and in *Vierregger* the policeman had stopped elsewhere for a social visit and did not proceed directly to his home.

The decision of respondent appeals board is annulled, and the cause is remanded to the board for further proceedings consistent with the views herein expressed.

Mosk, Acting C. J., Peters, J., Tobriner, J., Burke, J., Sullivan, J., and Wood, J.,* concurred.

---

*Assigned by the Acting Chairman of the Judicial Council.