[L.A. No. 29735. In Bank. June 18, 1970.]

WILLIAM A. GUEST, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CITY OF POMONA et al., Respondents.

**COUNSEL**

Graham W. Talbott and Thompson, Talbott & Lemaster for Petitioner.

Rupert A. Pedrin, Nathan Mudge, Sheldon M. Ziff and A. C. Jones for Respondents.

## OPINION

**McCOMB, J.**—Petitioner seeks annulment of a decision after reconsideration by the Workmen's Compensation Appeals Board, which held that by reason of the going and coming rule petitioner's injury was not compensable.

*Facts:* Petitioner is a policeman employed by the Pomona Police Department. He usually dresses on the job and has a locker at the police station for that purpose. He has two uniforms, one of which he keeps in his locker at work and the other at home.

Petitioner was assigned to perform official duties at the 1968 Los Angeles County Fair. He was instructed to go directly to the fairgrounds each day and not report to the police station first. On September 13, 1968, the opening day for the fair, petitioner, not knowing of any facilities for changing into his uniform at the fairgrounds, put on his full uniform at home and started to drive to the fairgrounds in a car he had borrowed from his brother. While on a direct route between his home and the fairgrounds, he was injured in an automobile accident.

Following an award of benefits to petitioner, the city and the insurance carrier petitioned for reconsideration, which was granted, respondent appeals board holding that petitioner's claim was barred by the going and coming rule.

Question: *Is petitioner's claim barred by the going and coming rule?*

*No.* Although ordinarily an injury which occurs while an employee is driving to or from work is not compensable by reason of the going and coming rule, the rule is subject to many exceptions. (*Garzoli* v. *Workmen's Comp. App. Bd., ante,* pp. 502, 505 [86 Cal.Rptr. 1, 467 P.2d 833].) Petitioner contends that he comes within the "special mission" exception to the rule. The relevant question in this regard is whether petitioner's assignment to serve at the fair was "special" or "extraordinary in relation to routine duties" (*Schreifer* v. *Industrial Acc. Com.,* 61 Cal.2d 289, 295 [38 Cal.Rptr. 352, 391 P.2d 832]) or whether it was a routine, though temporary, assignment.

Petitioner urges that the assignment was a special one, in that he was specifically instructed to go directly to the fairgrounds during the 17 days of the fair's duration, rather than to report first to the police station and there take police equipment for transportation to his assigned position, as is the case when he is on regular assignment. He points out that "[t]his was a direct benefit to the employer in that the working day as far as assignable

hours were concerned started when he got to the Fairgrounds, not many miles away at the Police Department."

Respondent appeals board, on the other hand, points out that the assignment was for the 17 days the fair ran in Pomona, that petitioner was to report there each day during the course of the fair, and that the City of Pomona is host to the fair every fall in mid-September. Thus, respondent appeals board argues, the assignment was a routine one even if it was a temporary one of 17 days' duration, and was not extraordinary since the city sends police officers for service to the fair in the fall of each year.

■ As stated by this court in *Garzoli*: "In determining whether the facts bring a case within the general rule or cause it to fall within an exception thereto, the mandate of section 3202 of the Labor Code must be kept in mind. That section requires that the provisions of the Workmen's Compensation Act be 'liberally construed by the courts with the purpose of extending the benefits for the protection of persons injured in the course of their employment.' " (*Ante,* p. 505.)

■ As pointed out in *Schreifer,* there has been widespread criticism of the arbitrary, judge-made coming and going rule. In the instant case, although admittedly a close question is presented, it is reasonable to regard petitioner's assignment as a special one. Under the circumstances, particularly in view of the mandate of section 3202 of the Labor Code, petitioner comes within the "special mission" exception.

Petitioner testified that he had not seen any place at the fairgrounds available for a police officer to change into his uniform, and no evidence was introduced showing that there were any such facilities. Accordingly, since petitioner had been instructed to report directly to the fairgrounds, he was justified in putting on his uniform at home.

Petitioner was in somewhat the same position as the police officer in *Garzoli*. In that case, an officer in uniform was killed in a collision with an automobile while on his way home from work on his own motorcycle, which he did not use in his work. The decedent lived a little over a mile from the police station, and there was no public transportation available to him. There were no facilities for changing into his uniform at the police station, and it was with the approval of the chief of police that the officer traveled to and from work in uniform. Although the police manual provided that officers were prohibited from engaging in law enforcement activities while off-duty within the city, except in cases of extreme emergency, there was evidence that such policy was not followed by the department and that off-duty officers were expected to render assistance in less serious situations. It

was held in *Garzoli* that it was "a reasonable extension of the exception laid down in *Smith* [*Smith* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 814 (73 Cal.Rptr. 253, 447 P.2d 365)] to hold that under the circumstances here shown, the decedent was engaged 'in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer,' as a result of which the going and coming exclusion is inapplicable." (*Ante,* at p. 506.)

In the present case, petitioner had been told by his superiors that he was considered on duty while in uniform, and rule 8.7.2 of the Manual of Operations of the Pomona Police Department states: "Every officer shall be considered on duty while he is in uniform whether he is on or off shift, and shall, while in any public place, conform to all the rules and orders of the Department and shall conduct himself in a manner which will preclude justifiable criticism of the Department." As hereinabove indicated, it was reasonable for petitioner to put on his uniform at home; and it would appear that, as was the case with the officer in *Garzoli,* petitioner, while so clothed, carrying his pistol, and traveling conspicuously in the public streets (although in an automobile rather than on a motorcycle), was expected to render assistance to members of the public in the field of law enforcement if needed.

In addition, no provision having been made for petitioner to change into his uniform at the fairgrounds, and it being clear that if petitioner had been required to go to the police station at the time he was to report for duty, change into his uniform, and then go out to the fairgrounds, it would have decreased the time he would have been available for duty, his conduct was "reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer." Accordingly, under the circumstances here shown, the going and coming exclusion is inapplicable.

The decision of respondent appeals board is annulled, and the cause is remanded to the board for further procedings consistent with the views herein expressed.

Wright, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

Respondents' petition for a rehearing was denied July 16, 1970.