[Civ. No. 44901. Second Dist., Div. Four. Feb. 28, 1975.]

JOSEPH PETROCELLI, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CITY OF HERMOSA BEACH et al., Respondents.

**COUNSEL**

Lewis & Marenstein, Ronald H. Stillman and Alan Marenstein for Petitioner.

T. Groezinger, James J. Vonk, George S. Bjornsen and Robert A. La Porta for Respondents.

**OPINION**

FILES, P. J.—This is a proceeding to review a decision of the Workmen's Compensation Appeals Board denying compensation upon the ground that the injury was not work-related.

The evidentiary facts are not in dispute. The applicant is a police officer of the City of Hermosa Beach. November 26, 1973, was his usual day off, but, because a motion picture company was working in that city, he was assigned to direct traffic, in uniform. For this assignment he received overtime pay from the city. About 3 p.m. it appeared his services were no longer needed so he was relieved. He then went to a

theatre in the adjacent city of Redondo Beach to see a motion picture. When he left the theatre at about 6:10 p.m. it was dark. As he walked to his automobile in the parking lot, still in uniform, he noticed a parked vehicle with five young men in it huddled together. He was aware there had been a lot of tampering with cars in that lot, and these men "just didn't look right," so the applicant decided to walk by them to have a closer view. As he walked, he tripped over a divider on the pavement and fell, breaking his left arm.

The referee concluded that this evidence did not show that the applicant's injury had arisen out of or in the course of his employment, and upon that ground denied compensation. Applicant's petition to the board for reconsideration was denied. It does not appear that there was any basis for disbelieving the applicant's testimony, or that either the referee or the board rejected any of it as untrue. For the purpose of this decision, we regard the facts as established. (See *Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317-318 [90 Cal.Rptr. 355, 475 P.2d 451].) The issue is one of law.

■  The following legal standards are applicable:

The Standard Operating Procedural Manual of the Hermosa Beach Police Department admonished the officer that he was "always on duty" and, particularly, while in uniform he was to conduct himself as though he was then on duty.[1]

The Penal Code section 830.1 established the statewide power of the officer to make an arrest upon reasonable cause to believe a public offense had been committed in his presence, with respect to which there was danger to property or of the escape of the perpetrator.[2]

Government Code section 50921 promised the officer workmen's

---

[1]Hermosa Beach Police Department Standard Operating Procedural Manual: "1.153 Orders, On Duty or Off Duty Officers are held to be always on duty, although periodically relieved from the routine performance. Members are always subject to orders from superior officers and to calls from private citizens, and the fact that they may be technically off duty, they shall not be relieved of the responsibility of taking proper police action in any matter coming to their attention. Officers in uniform while off duty, shall at all times conduct themselves as though they were on duty."

[2]Penal Code section 830.1: "Any . . . policeman of a city, . . . is a peace officer. The authority of any such peace officer extends to any place in the state:

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(c) As to any public offense committed or which there is probable cause to believe has been committed in his presence, and with respect to which there is immediate danger to a person or property, or of the escape of the perpetrator of such offense."

compensation benefits for an injury sustained in performing his duties as a peace officer in the protection of property anywhere in the state, even though not acting under the immediate direction of his superior.[3]

The applicant's mission, at the time of the injury, was to protect property, and to prevent a crime or apprehend an offender if his investigation disclosed reasonable cause to take such action. As an officer in uniform, he could not ignore a situation which, his training and experience told him, required his attention. The officer was not engaged in the arrest or detention of anyone or in a search for or seizure of anything. Cases defining the lawful scope of such activities have no relevance to the issue here. Legal cause to arrest or detain is not the threshold of an officer's entry upon his official duty in a case such as this. The applicant was performing the duty of an officer when he made his approach for the purpose of investigating whether any offense was being committed and some property required protection.

The decision of the appeals board is annulled and the case remanded for a proper award of compensation to applicant.

Jefferson, J., and Dunn, J., concurred.

---

[3]Government Code section 50921 provides: "Whenever any peace officer of a city, county, or city and county of this State is injured, dies or is disabled from performing his duties as a peace officer by reason of engaging in the apprehension or attempted apprehension of law violators or suspected law violators or protection or preservation of life or property, or the preservation of the peace anywhere in this State, including the local jurisdiction in which he is employed, but is not at the time acting under the immediate direction of his employer, he or his dependents, as the case may be, shall be accorded by his employer all of the same benefits including the benefits of the Workmen's Compensation Law, which he or they would have received had that peace officer been acting under the immediate direction of his employer. Any injury, disability or death incurred under the circumstances described in this section shall be deemed to have arisen out of and been sustained in the course of employment for purposes of workmen's compensation and all other benefits."

Government Code section 50920 establishes that a city police officer is a peace officer within the meaning of section 50921.