[Civ. No. 37461. First Dist., Div. Four. Dec. 9, 1975.]

RICHARD H. MINOR, Plaintiff and Respondent, v.
SONOMA COUNTY EMPLOYEES RETIREMENT
BOARD, Defendant and Appellant.

## COUNSEL

James P. Botz, County Counsel, and John C. Gaffney, Assistant County Counsel, for Defendant and Appellant.

Wolfe & Wright and Evan A. Wolfe for Plaintiff and Respondent.

## OPINION

CALDECOTT, P. J.—Respondent filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5. Respondent sought to compel appellant Sonoma County Employees Retirement Board to reverse its decision, denying his application for service-connected disability retirement benefits on the ground that his disability did not arise out of or in the course of his employment. Judgment was entered and a peremptory writ issued ordering appellant to grant service-

connected disability retirement benefits to respondent. The appeal is from the judgment.

Respondent was employed as a full-time deputy sheriff by the County of Sonoma. He was thereby a member of the county's retirement system, organized under the provisions of Government Code section 31450 et seq.

At approximately 3:20 p.m. respondent was enroute from his home to the sheriff's office for the purpose of commencing his regular duty shift at 3:45 p.m. He was driving in his own vehicle, and was dressed in full uniform. While in transit he was involved in a three-car accident resulting in injuries to persons in the two other vehicles.

Respondent was uninjured in the accident. He immediately got out of his car, discovered that two persons had been injured, and ran to the nearest house. He telephoned the sheriff's office to request that an ambulance and a Highway Patrol unit be dispatched to the scene.

Respondent thereupon proceeded back toward the scene of the accident. It was his uncontradicted testimony that he intended to render first aid to the injured persons, to direct traffic, and to otherwise secure the scene pending the arrival of the Highway Patrol unit. In returning to the accident site, he attempted to vault a fence but fell and broke his left ankle. This ankle injury eventually required a complete fusion of the ankle joint, permanently disabling respondent and preventing him from returning to his duties as a deputy sheriff.

The court below found that respondent's employer furnished a locker and change room enabling respondent to change from civilian clothes to his official uniform after arrival at his place of employment. Nevertheless, employees such as respondent regularly and almost without exception traveled to and from work in full uniform. This practice was well known to respondent's employer and was approved and consented to by the employer. The regulations of respondent's employer require a deputy, when in uniform, to act as a peace officer rather than as a private citizen.

The parties agree that the only issue, throughout the hearings before the retirement board and the court below, is whether respondent's injury was "service-connected" for the purpose of eligibility for disability retirement benefits. The retirement board found that the injury did not

arise out of respondent's employment; the trial court found to the contrary.

The only *factual* dispute concerns part of finding No. 8, namely, that respondent was returning to the scene of the accident "for the purpose of rendering first aid to the injured persons and to direct traffic and otherwise secure the scene pending the arrival of the Highway Patrol unit" when he incurred the injury. Although the administrative transcript is not before us, briefs for both parties state that respondent testified that this was his intent at the time of the injury, and that he subjectively felt that he was acting under his duty as a police officer.

The standard of review herein is controlled by *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29]. The court below, in examining the decision of the administrative agency, was empowered to exercise its independent judgment to determine whether the findings were supported by the weight of the evidence. (11 Cal.3d at p. 44.) On this appeal, we need only ascertain whether the findings of the trial court are supported by substantial evidence. (*Bixby* v. *Pierno,* 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242]; *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308-309 [196 P.2d 20].)

No evidence was presented nor does appellant point to anything in the record that contradicts respondent's testimony. Rather, appellant contends that respondent's *intention* is mere speculation, and is insufficient to establish "what of a police nature Mr. Minor might have done had he returned to the scene of the accident." In *Petrocelli* v. *Workmen's Comp. Appeals Bd.,* 45 Cal.App.3d 635 [119 Cal.Rptr. 620], a police officer testified that as he left a movie theater (in full uniform though off-duty) he noticed activity in a parking lot that "just didn't look right," and decided to walk by to have a closer view. He was injured when he fell as he walked. As in this case, there was no other evidence presented as to his activity or intention at the time. The court stated that it did "not appear that there was any basis for disbelieving the applicant's testimony, or that either the referee or the board rejected any of it as untrue." (*Id.* at p. 637.)[1] Respondent's unrefuted statement as to his intent was the only evidence relating to the challenged finding, and is sufficient to support it.

[1] In the instant case there is no indication that the retirement board based its decision on anything other than the legal conclusion, discussed below, that the "going and coming" rule applied to respondent.

Appellant further alleges that "in part Finding 10 . . . [goes] beyond the facts as testified to at the hearing." No further elucidation of this contention appears in appellant's opening or closing briefs. In view of both *the state* of the record on appeal (the administrative hearing transcript is not before this court) and the lack of specificity of appellant's assertions, this allegation cannot be considered. (*Foreman & Clark Corp.* v. *Fallon,* 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362]; *Simon* v. *Simon,* 260 Cal.App.2d 626, 631 [67 Cal.Rptr. 323].) Moreover, as will become apparent below, the finding is not essential to the judgment in any event, and therefore is not prejudicial even if erroneous. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

■ Appellant's principal contention on this appeal concerns the applicability of the "going and coming" rule. This rule, developed by judicial decision in a series of workmen's compensation cases, holds that an injury which occurs while an employee is in transit to and from work is not compensable, as it is not considered to "arise out of and in the course of the employment." (Lab. Code, § 3600; *Zenith Nat. Ins. Co.* v. *Workmen's Comp. App. Bd.,* 66 Cal.2d 944, 946-947 [59 Cal.Rptr. 622, 428 P.2d 606].) The rule is subject to numerous exceptions, and has been widely criticized. (*Hinojosa* v. *Workmen's Comp. Appeals Bd.,* 8 Cal.3d 150, 156-157 [104 Cal.Rptr. 456, 501 P.2d 1176]; *Guest* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 670, 673 [87 Cal.Rptr. 193, 470 P.2d 1].)

Appellant has not cited any case applying this workmen's compensation rule to proceedings before a county retirement board, which is under an independent statutory scheme. At best, the rule would be applicable only by analogy.[2] In view of the similarity of the service-connectedness language in the statutes governing retirement boards (Gov. Code, § 31720, subd. (a)) and workmen's compensation appeals boards (Lab. Code, § 3600), and the fact that, although the two schemes are independent and serve different functions, their purposes are "in harmony rather than in conflict" (*Pathe* v. *City of Bakersfield,* 255 Cal.App.2d 409, 416 [63 Cal.Rptr. 220]), application of such a non-statutory rule by analogy might be appropriate. Moreover, workmen's compensation cases have applied the going and coming rule to uniformed police officers. (E.g., *State Comp. Ins. Fund* v. *Workmen's Comp.*

---

[2]The cases cited by appellant regarding the interplay of workmen's compensation decisions and retirement board decisions involve principles of res judicata, and do not concern applicability to the latter system of rules developed under the former. (*Petry* v. *Board of Retirement,* 273 Cal.App.2d 124, 129 [77 Cal.Rptr. 891]; *Grant* v. *Board of Retirement,* 253 Cal.App.2d 1020, 1021 [61 Cal.Rptr. 791]; *Flaherty* v. *Board of Retirement,* 198 Cal.App.2d 397 [18 Cal.Rptr. 256].)

*Appeals Bd.,* 29 Cal.App.3d 902 [106 Cal.Rptr. 39]; cases cited in *Garzoli* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 502, 506 [86 Cal.Rptr. 1, 467 P.2d 833].) However, assuming without deciding that the rule should apply to retirement board decisions, the facts preclude its applicability to the instant case.

As noted above, the pertinent factual findings of the trial court are supported by substantial evidence. These facts indicate that respondent was *not* injured *while driving* to his place of employment; in this regard, the cases cited by appellant relating to whether the employer had provided facilities for the officer to change into his uniform at his place of work are fundamentally distinguishable. *(Guest* v. *Workmen's Comp. App. Bd., supra; Garzoli* v. *Workmen's Comp. App. Bd., supra; State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd., supra.)* In each of those cases, a fully uniformed police officer was injured in an automobile accident *while driving* his personal vehicle to or from work.

In the instant case, respondent was injured *after* the automobile accident, while attempting to perform duties related to his employment as a deputy sheriff. *Petrocelli* v. *Workmen's Comp. Appeals Bd.,* cited earlier, similarly involved a uniformed off-duty officer who fell and was injured when, as evidenced by *his testimony alone,* he started to walk toward individuals who had aroused his suspicion. (45 Cal.App.3d at pp. 636-637.) The Workmen's Compensation Appeals Board denied compensation on the ground that the injury was not incurred in the course of employment. The court annulled the decision and remanded for a proper award of compensation.

The arguments of the parties and findings of the court concerning the necessity, custom, or approval for respondent's practice of wearing his uniform to work are irrelevant here.[3] Nor do the provisions of Vehicle Code sections 20001 and 20003[4] compel a different conclusion. Respondent's uncontradicted testimony was that he was returning to the scene of the accident to render first aid, direct traffic, and secure the area. Such

---

[3] As in *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd., supra,* 29 Cal.App.3d at page 906: "There was no evidence that the wearing of a uniform was a prerequisite to his enforcing the law . . . ."

[4] These sections relate to the obligations of drivers involved in automobile accidents in which persons are injured, and to penalties for failure to comply with such requirements. While certain of respondent's conduct (such as calling for an ambulance and rendering first aid) might fall within the obligations imposed by the Vehicle Code, and therefore be required of any individual in such a situation, the overall nature of his intended course of action was beyond the scope of the code (such as, directing traffic and securing the accident scene).

activity was clearly not incident to "the ordinary, local commute that marks the daily transit of the mass of workers to and from their jobs," to which the going and coming rule has been limited. (*Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d at p. 157.) Rather, the officer was not in the course of transit at all when the injury itself occurred, but was engaged "in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer." (*Garzoli* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.3d at p. 506.)

As a uniformed deputy sheriff, this would have been true whether the automobile accident involved his car or only those of strangers. In proceeding to the scene to secure it until the arrival of the Highway Patrol unit, respondent's conduct was within the course and scope of his employment. Indeed, appellant has acknowledged the validity of respondent's uncontradicted testimony that, as part of his duties as a deputy sheriff, he was frequently called upon to render temporary aid to accident victims and to direct traffic until arrival of the Highway Patrol. Though off duty, as an officer, he "was expected to render assistance to members of the public in the field of law enforcement if needed" (*Guest* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.3d at p. 674), and he was in fact so engaged when injured.

Respondent has asked that this court award additional damages because, he alleges, the appeal is frivolous and void of merit. While we affirm the conclusion of the court below, it is evident from the above discussion and the initial holding of the retirement board that the appeal is not frivolous.

The judgment is affirmed.

Christian, J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.