[No. F002686. Fifth Dist. Dec. 20, 1983.]

KAREN IRENE CARRILLO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF STANISLAUS, Respondents.

COUNSEL

John Murphy, Airola & Williams and Barry J. Williams for Petitioner.

Baldwin, Funk & Drivon, James A. Drivon, Joseph J. D'Andre and Douglas K. Dashner for Respondents.

OPINION

**BROWN (G. A.), P. J.**—Petitioner attacks respondent board's decision denying her petition for reconsideration after the compensation judge found that her injuries incurred on October 22, 1979, are not compensable.

FACTS

Petitioner was employed as a Stanislaus County Reserve Deputy Sheriff. On October 22, 1979, she was assigned to work at the Women's Honor Farm located about 20 miles from her home. Petitioner left home about 6 a.m. in her private car. She wore her sheriff's uniform and badge because there was no place to change at the honor farm, but did not take a sidearm because she would have to lock it up upon arrival.

About one mile from home, petitioner was seriously injured in an automobile accident.

The Stanislaus County Sheriff's Department published a Manual of Policy and Ethics (policy manual). On June 28, 1978, petitioner was required to

sign a certificate stating that she had reviewed the manual and acknowledging her responsibility to "read, become familiar with, understand and abide by the provisions of the adopted manual."

The policy manual provides:

*"025.30 Hours of Duty*

"Regular hours of active duty shall be assigned to each member. Members shall be considered 'off duty' during other hours. Deputy personnel, although technically 'off duty', shall take action as deemed appropriate on any police matter coming to their attention. When so engaged, they shall have the same status as during active duty, except with respect to the enforcement of traffic infractions. In nonemergent situations, this action may consist of notification to the police agency having jurisdiction."

Petitioner testified without contradiction that it was part of her duty required by regulations to be ready to render assistance to the public if required while traveling from her home to the Women's Honor Farm.

The workers' compensation judge found that petitioner's injuries did not arise out of and in the course of her employment.

On petition for reconsideration before respondent board, petitioner urged that *Garzoli* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 502 [86 Cal.Rptr. 1, 467 P.2d 833] and *Guest* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 670 [87 Cal.Rptr. 193, 470 P.2d 1] mandate a conclusion that her injuries are compensable.

In its opinion denying reconsideration, respondent board rejected the argument as follows: "Applicant also contends that because she was forced to wear her uniform to her place of employment, the Womens' Honor Farm, and because she was expected to render aid or assistance if the need arose, she was on duty at the time of her accident. However, under the terms of Penal Code section 830.6, applicant cannot be considered to have been authorized to act as a deputy sheriff while commuting to her workplace because that statute confers authority on a reserve peace officer '. . . only for the duration of . . . [a] specific assignment.' Applicant's specific assignment would not have begun until she reached the workplace.

"The cases cited by applicant, *Garzoli* v. *WCAB* (1970) 35 CCC 193, and *Guest* v. *WCAB* (1970) 35 CCC 292, are not controlling because in those cases, unlike the instant case, the peace officers whose commute in-

juries were held to be compensable were regular peace officers whose authority was not limited by Penal Code Section 830.6.''

## DISCUSSION

■ Petitioner contends that *Garzoli* v. *Workmen's Comp. App. Bd.*, *supra*, 2 Cal.3d 502, and *Guest* v. *Workmen's Comp. App. Bd.*, *supra*, 2 Cal.3d 670, compel a conclusion that her injuries are compensable. We agree.

In *Garzoli*, a police sergeant was killed in an accident while driving his motorcycle home from his regular shift at work in full uniform, including a sidearm. The police policy manual provided that police officers were prohibited from engaging in law enforcement activities while off duty, except in extreme emergencies or when it appeared that life was in danger. However, this policy was not followed in practice; off duty officers were expected to render assistance in less serious situations. There was no adequate place to change into uniform at the police station; the sergeant wore his uniform and pistol while commuting to and from work with the consent of the police chief.

Our Supreme Court annulled the appeals board decision that the sergeant's claim was barred by the going and coming rule. In so holding, the court relied upon the principle stated in *Smith* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 814 [73 Cal.Rptr. 253], that an employee is performing service growing out of and incidental to his employment when he engages in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer. The court found such advantage to the employer from the fact that, "as a practical matter, the decedent was required to wear his official uniform to and from work and that, at least when so clothed, carrying his pistol, and traveling conspicuously in the public streets on a motorcycle on his way home immediately after completing his shift, he was expected to render assistance to members of the public in the field of law enforcement, if needed.'' (2 Cal.3d at p. 506.)

We need not look far to find similar advantage to petitioner's employer. If petitioner had observed any police matter other than a traffic infraction while driving to or from work, she was required by her employer's regulation to take appropriate action. Since petitioner was in full uniform, criminals as well as citizens in need of assistance would know upon observation that she was a law enforcement officer. In short, petitioner in substance performed for her employer the function of a uniformed officer in an un-

marked patrol car when she was driving to work the morning of October 22, 1979.

Petitioner was in uniform during her commute to work because there was no place to change at the honor farm. (See *Guest* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.3d 670.) As in *Guest,* she was required to assist the public, if needed, during her trip to work. (2 Cal.3d at p. 674.)

Respondent employer urges that policy manual section 025.30 does not apply to petitioner because she was a reserve deputy sheriff rather than a regular deputy sheriff. The record does not support this assertion. On its face, the phrase "deputy personnel" in section 025.30 is broad enough to include reserve deputy sheriffs. Petitioner's testimony that the section applies to her stands unrebutted; her testimony is supported by the certificate which she was required to sign in June 1978.

Respondent employer asserts that Penal Code section 830.6 as it read in 1979[1] does not make petitioner a deputy. The statute addresses when a reserve deputy sheriff is a peace officer. Petitioner was a reserve deputy sheriff by virtue of her appointment as such; her duty to act under policy manual section 025.30 arose from her status as a deputy within its scope; section 830.6 is irrelevant to her duties pursuant to the regulation and this case.

In any event, policy manual section 025.30 appears to be a conditional assignment of specified police functions within the meaning of former Penal Code section 830.6. If petitioner properly acted as required by section 025.30, she would act as a peace officer pursuant to section 830.6.

Respondent employer attempts to distinguish *Garzoli* and *Guest* upon the ground that they involved regular rather than reserve police officers. However, the controlling principle of both cases is benefit to the employer arising from the officer's commute to work. As demonstrated above, petitioner was providing a substantial benefit to her employer when she drove to work the morning of her accident. This is true whether or not she was acting as a peace officer during the commute.

Respondent board exceeded its jurisdiction in denying petitioner's petition for reconsideration. (Lab. Code, § 5952.)

---

[1]In October 1979, section 830.6 provided in relevant part: "(a) Whenever any qualified person is deputized or appointed by the proper authority as a reserve or auxiliary sheriff or city policeman, or as a deputy sheriff, and is assigned specific police functions by such authority, such person is a peace officer; provided, such person qualifies as set forth in Section 832.6, and provided further, that the authority of such person as a peace officer shall extend only for the duration of such specific assignment."

The Workers' Compensation Appeals Board opinion and order dated May 18, 1983, in action No. STK 32104 is annulled with directions to grant the petition for reconsideration.

Zenovich, J., and Hanson (P. D.), J., concurred.

The petition of respondent County of Stanislaus for a hearing by the Supreme Court was denied February 22, 1984.