199 Cal.App.3d 77 (1988)
244 Cal. Rptr. 596
JOHN M. LUNA, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD, CITY OF LAGUNA BEACH et al., Respondents.
Docket No. G005775.
Court of Appeals of California, Fourth District, Division Three.
February 29, 1988.
*79 COUNSEL
Rose, Klein & Marias and Robert M. Simpson for Petitioner.
Falk, Regnell, Hamblin & Godfrey and Stephen S. Falk for Respondents.
OPINION
CROSBY, J.
A policeman injured in a traffic accident on his way to work petitions for a writ of review after the workers' compensation judge (WCJ) *80 and the Workers' Compensation Appeals Board (Board) denied his claim based on the "going and coming" rule. We affirm.

I
Laguna Beach Police Officer John Luna was injured on August 2, 1985, while driving his private automobile to the stationhouse. Luna's shift normally began at 11:30 p.m., but weeks earlier he had been notified to report for duty at 10 p.m. to direct traffic for the annual Festival of Arts. He was within the Laguna Beach city limits when he saw a vehicle traveling in his direction at a high rate of speed. Luna testified he intended to stop at a nearby emergency call box to report the traffic violation and assist in apprehending the driver. Before he could act, however, the speeding car rearended him.
The WCJ determined Luna was not injured in the course of his employment; and the Board denied reconsideration on the recommendation of the WCJ, whose opinion it incorporated in the order. Luna challenges the order, citing Labor Code section 3600.2, the "special mission" and "uniformed officer on-call" exceptions to the going and coming rule, and the statutory presumptions that certain enumerated injuries to law enforcement officers are compensable. (Lab. Code, §§ 3212-3212.7.)

II
(1) Generally, an employee injured outside the workplace and ordinary working hours is not entitled to workers' compensation benefits. (County of Los Angeles v. Workers' Comp. Apeals Bd. (1983) 145 Cal. App.3d 418 [193 Cal. Rptr. 374]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Comp. (2d ed. 1986) Course of Employment, § 9.03[3][a], pp. 9:35-9:36.) There is, however, a statutory exception for off-duty peace officers, who may arrest lawbreakers at any time.
Labor Code section 3600.2 provides, "(a) Whenever any peace officer ... is injured, dies or is disabled from performing his duties as a peace officer by reason of engaging in the apprehension or attempted apprehension of law violators or suspected law violators, or protection or preservation of life or property or the preservation of the peace anywhere in this state, including the local jurisdiction in which he is employed, but is not at the time acting under the immediate direction of his employer, he or his dependents, as the case may be, shall be accorded by his employer all of the same benefits, including the benefits of this division, which he or they would have received had that peace officer been acting under the immediate direction of his employer. Any injury, disability, or death incurred under the *81 circumstances described in this section shall be deemed to have arisen out of and been sustained in the course of employment for purposes of workers' compensation and all other benefits."
(2a) Luna maintains he was injured while attempting to apprehend the speeder and preserve life or property within the meaning of Labor Code section 3600.2. He cites the following as evidence of his affirmative efforts in that regard: (1) He checked his speedometer when he observed the car bearing down on him; (2) he "thought about letting the car behind pass him and then obtaining a description of the vehicle"; (3) he also "thought about driving to an emergency call box which ... [¶] ... automatically rings the dispatcher of the Laguna Police Department"; and (4) he "did anticipate where the [other] police officers would be."
An admittedly ironic and imperfect analogy to the law of crimes illustrates the weakness of the argument, however. Taken in the aggregate, Luna's glances, thoughts, and anticipations would not amount to an "attempt" in the criminal law. (3) Mere preparation, without some act to implement a nefarious design coupled with unequivocal evidence of the specific intent to accomplish it, does not constitute an attempt. (People v. Gallardo (1953) 41 Cal.2d 57, 66 [257 P.2d 29].) (2b) By the same token, an officer who slips in the shower at home does not come within the exception, even though the purpose in bathing is to ready himself for work and even though plans to apprehend a criminal are being cogitated at the time. The preliminary steps Luna claims to have taken were of a similar nature and insufficient to constitute an attempted apprehension of a criminal suspect.[1] The WCJ and Board correctly concluded Labor Code section 3600.2 did not apply.

III
(4) An injury occurring on the way to or from work is not generally covered under the workers' compensation system. Hinojosa v. Workmen's Comp. Appeals Bd. (1972) 8 Cal.3d 150, 157 [104 Cal. Rptr. 456, 501 P.2d 1176] stated the rule as follows: "[T]he courts have held non-compensable the injury that occurs during a local commute en route to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances."
Two reasons are generally advanced for this policy. First, the employment relationship is usually viewed as suspended from the time the employee *82 leaves the place of employment until he or she reenters the business premises for the next regular work session. (See, e.g., Zenith Nat. Ins. Co. v. Workmen's Comp. App. Bd. (1967) 66 Cal.2d 944, 947 [59 Cal. Rptr. 622, 428 P.2d 606].) Second, an employee typically performs services which benefit the employer only after arrival at the place of employment, not during the commute. (See General Ins. Co. v. Workers' Comp. Appeals Bd. (1976) 16 Cal.3d 595 [128 Cal. Rptr. 417, 546 P.2d 1361]; Wilson v. Workers' Comp. Appeals Bd. (1976) 16 Cal.3d 181 [127 Cal. Rptr. 313, 545 P.2d 225]; Ocean Acc. etc. Co. v. Industrial Acc. Com. (1916) 173 Cal. 313 [159 P. 1041].) Although the rule "has been widely criticized with a number of exceptions" (Bramall v. Workers' Comp. Appeals Bd. (1978) 78 Cal. App.3d 151, 156 [144 Cal. Rptr. 105]), it is still the law in California. (Santa Rosa Junior College v. Workers' Comp. Appeals Bd. (1985) 40 Cal.3d 345 [220 Cal. Rptr. 94, 708 P.2d 673].)
(5) Despite the formidable bar of the going and coming rule, Luna contends he qualifies for benefits under either of two judicially created exceptions. The first is the special mission exception. It applies "when the employee is requested to perform an unusual service or a usual service at an odd hour[.] [T]he trip becomes `special' because the bother and effort of the trip itself is an important part of what the employee is being compensated for." (2 Hanna, op. cit., supra, at p. 9:71; see also Fremont Indemnity Co. v. Workers' Comp. Appeals Bd. (1977) 69 Cal. App.3d 170 [137 Cal. Rptr. 847].)
The exception was discussed in Baroid v. Workers' Comp. Appeals Bd. (1981) 121 Cal. App.3d 558 [175 Cal. Rptr. 633]. There, the injured employee regularly began his work day at 8 a.m. He was frequently required to work additional hours, however, and was injured while on his way to a scheduled 5 a.m. assignment. The Court of Appeal annulled the Board's decision to award benefits: "[T]he scope of applicant's employment duties contemplated frequent assignments at his customary place of employment which were outside his regularly scheduled work shift.... [W]e cannot see how the injury can come within [the special mission] exception.... Applicant's duties to be performed on [the date he was injured] have not been shown to be unusual or extraordinary; no emergency or special circumstances concerning the work on [that date] have been shown. Rather the [schedule] appears consistent with the customary manner in which the employer's business operated." (Id., at p. 571; original italics.)
A similar result was reached in Arboleda v. Workmen's Comp. App. Bd. (1967) 253 Cal. App.2d 481 [61 Cal. Rptr. 505]. The injured employee regularly worked during the day as a hotel waiter. In addition, he worked many Friday and Saturday evenings. He died in an auto accident which occurred *83 on a Friday night as he was returning to the hotel for the evening assignment.
The Board denied his widow's application for death benefits. The Court of Appeal affirmed: "In the present case the decedent's hours were subject to some irregularity as compared to most jobs and they were perhaps inconvenient as compared to most jobs. His schedule for the day of the accident had been set up on the previous Sunday. In going to work at the hours scheduled for Friday evening he was doing no more than preparing to make his services available in accordance with the schedule. There was no extraordinary need or request for his services as compared to the usual need for his services on any other Friday or Saturday night during the season." (Id., at p. 486.) The analysis applies equally to the present facts.
The festival has been an annual event since 1932. The chief of police testified shifts were routinely extended to meet the additional demands, and the 11:30 p.m. swing shift officers were instructed to report at 10 p.m. Officers checked in at the station as usual before proceeding to the nearby festival grounds. Luna concurred in his chief's testimony and acknowledged all officers eventually worked extra hours during the festival and received overtime pay for their efforts. He was notified one or two weeks in advance of the extended schedule.
These uncontroverted facts establish that Luna was not on an unusual or special trip when the accident occurred. The only "bother and effort" he faced was the obligation (known well beforehand) to report for his shift early on this particular evening. (Cf. Schreifer v. Industrial Acc. Com. (1964) 61 Cal.2d 289 [38 Cal. Rptr. 352, 391 P.2d 832]; L.A. Jewish etc. Council v. Ind. Acc. Com. (1949) 94 Cal. App.2d 65 [209 P.2d 991].)
(6) Luna also seeks to fit himself within the uniformed officer on-call exception to the going and coming rule. In Garzoli v. Workmen's Comp. App. Bd. (1970) 2 Cal.3d 502 [86 Cal. Rptr. 1, 467 P.2d 833], the court upheld an award of benefits to a peace officer injured while engaged "`in [off-duty] conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer.'" (Id., at p. 506, citing Smith v. Workmen's Comp. App. Bd. (1968) 69 Cal.2d 814, 820 [73 Cal. Rptr. 253, 447 P.2d 365].)
However, decisions upholding awards on this theory invariably involve employers who expect to receive the benefit of their employees' service during the commute, while the officer is technically off duty. Factors to be considered include whether (1) an express policy or routine practice exists, (2) a failure to render the services may result in disciplinary measures, (3) *84 the employee was in uniform at the time of the incident, and (4) the employer provides an on-site accommodation for changing or storing clothing and equipment. (See Guest v. Workmen's Comp. App. Bd. (1970) 2 Cal.3d 670 [87 Cal. Rptr. 193, 470 P.2d 1]; Garzoli v. Workmen's Comp. App. Bd., supra, 2 Cal.3d 502; Carrillo v. Workers' Comp. Appeals Bd. (1983) 149 Cal. App.3d 1177 [197 Cal. Rptr. 425]; Petrocelli v. Workmen's Comp. Appeals Bd. (1975) 45 Cal. App.3d 635 [119 Cal. Rptr. 620]; State Comp. Ins. Fund v. Workmen's Comp. Appeals Bd. (1973) 29 Cal. App.3d 902 [106 Cal. Rptr. 39].)
In this case, the city provided officers with a room to change clothes and had no policy with respect to providing extra-hours services. Luna was concededly not in uniform when the accident occurred. He was wearing only a T-shirt and his police trousers and boots; his duty blouse was folded in the seat beside him, along with his baton and police identification. His badge was in his pocket. His weapon remained in a police station locker. Substantial evidence supports the determination of the WCJ and the Board that the city had no expectation of Luna's providing routine peace officer services when not on duty. Thus, the Garzoli exception is not available under these facts.

IV
(7) Finally, Luna correctly notes the Legislature has codified a presumption that specific police officer disabilities are incurred during the course of employment. The sections on which he relies (Lab. Code, §§ 3212-3212.7), however, pertain only to heart trouble, hernia, tuberculosis, and pneumonia; they fail to mention the types of injuries Luna received in this accident. Any additions to the list must come from the Legislature.
The order is affirmed.
Sonenshine, Acting P.J., and Wallin, J., concurred.
NOTES
[1] We also note Luna's credibility on this and other points was severely shaken. Although he suggested he was only joking, he did admit offering "ten thousand big ones" to a witness to testify that Luna said he intended to use the emergency call box to report the speeder. In addition, sub rosa films severely impeached Luna's claim of debilitating back pain.