[No. C023424. Third Dist. Oct. 29, 1996.]

STATE LOTTERY COMMISSION, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and JOEL GARCIA,
Respondents.

**COUNSEL**

Krimen, DaSilva, Daneri, Bloom & Landsiedel and Robert A. LaPorta for Petitioners.

Mastagni, Holstedt & Chiurazzi and J. Stephen Donovan for Respondents.

**OPINION**

SIMS, J.—Petitioner California State Lottery Commission (the Lottery) filed its petition for writ of review seeking to overturn the order of respondent Workers' Compensation Appeals Board (the Board) awarding compensation to respondent Joel Garcia, an employee of the Lottery, for what the Board found to be a work-related injury. (Lab. Code, § 3600.)[1] We issued a writ of review and now shall annul the award.

### FACTS

Garcia works for the Lottery as a "lottery agent," a position that carries the status of peace officer. (Pen. Code, § 830.3, subd. (p).) His duties include background checks of personnel, security at the printing plant, and investigation of lottery-related crimes. (Gov. Code, § 8880.38.) He works in the field about 50 percent of the time, covering a territory from Fresno to the Oregon border. He is provided with a state-owned car which he is required to use in the field, a gun, and a pager. He is expected to respond to calls after normal business hours, on weekends, and on holidays. He does not wear a uniform.

---

[1] All section references are to the Labor Code unless otherwise specified.

On the morning of January 4, 1993, after dressing for work (including his gun and pager), he sustained injury when he slipped and fell on the icy sidewalk leading from the front door of his house to his state-owned car, which he was about to enter in order to drive to work. He filed a claim for workers' compensation.

The Lottery opposed the claim, contending as relevant that Garcia's injury did not arise out of or in the course of his employment because at the time of his injury he was on his own premises, had not yet entered his state-owned car, and was not covered by any statutory provision dealing with injuries suffered by off-duty peace officers. In his trial brief, Garcia argued inter alia that he was acting within the scope of his employment when injured because he was on his way to pick up his travel assignments for the day.

A workers' compensation judge (WCJ) issued findings and an award in favor of Garcia. The WCJ's opinion states that the WCJ had "considered" Garcia's round-the-clock on-call status as a peace officer, but drew no conclusion from that fact. The opinion rests mainly on the ground that though Garcia had not yet entered his car he had already begun his commute; thus the case came within the exception to the "going and coming" rule (which ordinarily bars compensation) for trips made in vehicles furnished by the employer.

The Lottery filed a petition for reconsideration with the Board. The Board denied the petition and upheld the award by a vote of two to one. The majority relied solely on the exception to the "going and coming" rule invoked by the WCJ and did not reach the parties' other contentions. The dissent found this exception to the "going and coming" rule inapplicable, and also rejected the other exceptions to this rule urged by Garcia as grounds to uphold the award: the "second job site" exception and the uniformed off-duty peace officers' exception.

The Lottery thereupon filed this writ petition seeking to vacate the award. We issued a writ of review. (§ 5950.)

DISCUSSION

I

We first consider the Board's reasoning in support of the award. As will appear, we find the exception to the "going and coming" rule invoked by the Board inapplicable on these facts.

Pursuant to section 3600, workers' compensation liability exists "against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . ."

■ Ordinarily an employee cannot obtain workers' compensation for an injury suffered while going to or coming from the workplace (the "going and coming" rule), because the employment relationship is deemed suspended from the time the employee leaves work until the time the employee resumes work. (*Kobe* v. *Industrial Acc. Com.* (1950) 35 Cal.2d 33, 35 [215 P.2d 736].) Alternatively, the injury is not compensable because when going to or coming from work the employee is rendering no service to the employer. (*Santa Rosa Junior College* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 345, 352 [220 Cal.Rptr. 94, 708 P.2d 673].)

■ Where the applicability of the "going and coming" rule turns on undisputed facts, it presents a question of law which a reviewing court may consider without deference to the Board's findings. (*Santa Rosa Junior College* v. *Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 351.) Although we are required to construe all provisions of the workers' compensation scheme liberally in the employee's favor (§ 3202), this mandate does not relieve the employee of the burden to establish that his or her injury was work related. (§ 3202.5.)

■ The courts have carved out numerous exceptions to the "going and coming" rule. For example, if the employer provides the employee with a vehicle and requires it to be used as an incident of employment, an injury suffered by the employee during the commute to or from work will be compensable. (*Kobe* v. *Industrial Acc. Com., supra,* 35 Cal.2d at p. 35.) ■ It is this exception on which the Board relied in awarding compensation to Garcia. Its reliance was misplaced.

Neither the Board nor Garcia has cited any authority which extends the reach of the above exception to facts such as those presented here, and we have found none. In every case where this exception has been held to apply, the employee was actually driving the employer-furnished vehicle when he or she sustained injury. (See, e.g., *Smith* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 814, 815 [73 Cal.Rptr. 253, 447 P.2d 365]; *Kobe* v. *Industrial Acc. Com., supra,* 35 Cal.2d at p. 35.) To stretch this exception so far as to include cases where the employee has not yet entered the vehicle, such as the present case, would make it almost infinitely elastic. If an employee has already begun his commute *in an employer-supplied vehicle*

when he steps out the door of his house, he might just as well be said to have begun it when he steps out of bed in the morning. Both conclusions are absurd, and the second is not more so than the first.

We acknowledge that drawing the line at any particular point so as to cut off compensation under any of the exceptions to the "going and coming" rule may appear arbitrary. (See *Santa Rosa Junior College* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at pp. 352-353.) With respect to the "employer-supplied vehicle" exception, however, the appearance of arbitrariness is less striking than it might be with some of the other exceptions. The rationale for this exception is that "the employer [has] agree[d], either expressly or impliedly, that the [employment] relationship shall continue during the period of 'going and coming' . . ." (*Kobe* v. *Industrial Acc. Com.*, *supra*, 35 Cal.2d at p. 35), by furnishing the vehicle and requiring its use. This rationale necessarily entails that the employer's agreement to continue the employment relationship during the employee's commute extends only to the period when the employee is actually in the employer-supplied vehicle: it is the employee's use of the vehicle as an incident of employment which extends the employment relationship beyond the workplace, not the mere fact that the employee is at some stage of progress to or from work.

The Board majority decided differently because it failed to grasp the rationale for this exception to the "going and coming" rule. Instead, it concluded that Garcia was "traveling to work" *within the meaning of this exception* at the time of his accident on the ground that "[h]is journey began when he left the safety of his house. (Cf. *Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (*Pointer*) (1980) 104 Cal.App.3d 528 . . . .)" The cited case is inapposite, and the language quoted by the Board does not support its finding.

*Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528 [163 Cal.Rptr. 750] deals not with the employer-supplied-vehicle exception to the "going and coming" rule but with the "special mission" exception, under which an employee acts within the scope of employment when carrying out a specially assigned task for the employer's benefit outside normal working hours. (104 Cal.App.3d at pp. 535-537.) In *Safeway Stores* the employee, who had stayed beyond his usual departure time to help complete an inventory, was assaulted after leaving the workplace as he got out of his car to enter his house. (*Id.* at p. 531.) The reviewing court found this injury compensable under the "special mission" exception because the employee had stayed late in order to confer an extraordinary benefit on his employer and the

employee's late journey home was an essential and foreseeable part of his service to the employer. (*Id.* at p. 537.) The court also found that the employee's "special mission" continued so long as he "was still in a place exposed to the public." (*Id.* at p. 538.) In this context, the court cited with approval the Board's finding in the employee's favor that his mission did not end until he had entered "the safety of his house." (*Ibid.*) Thus, the court's use of this expression grew out of the peculiar facts of the case: the danger the employee faced resulted directly from the special mission he had undertaken for the employer. *Safeway Stores* does not stand for the proposition that an employee begins his commute in an employer-supplied vehicle merely by leaving "the safety of his house."

Finding that the Board's extension of the scope of the employer-supplied-vehicle exception is supported neither by authority nor by the logic of the exception, we cannot uphold the Board's award on this ground.

## II

Garcia also contends affirmance of the Board's order is compelled by *Garzoli* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 502 [86 Cal.Rptr. 1, 467 P.2d 833]. In *Garzoli,* a city police officer, leaving work in uniform and carrying his pistol while riding his own motorcycle, died after being struck by a car. (*Id.* at p. 504.) The court noted that the officer was on 24-hour call, but did not find this fact sufficient to render the "going and coming" rule inapplicable. (*Id.* at p. 505.) However, other facts tipped the balance in favor of compensation: the officer was required in practice to wear his uniform to and from work, and when so clothed, armed, and conspicuous was expected to perform law enforcement services for members of the public if needed. (*Id.* at p. 506.) Thus the officer "was engaged 'in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer'" (*ibid.,* quoting *Smith* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d at p. 820), which constituted the performance of "service growing out of and incidental to his employment" for purposes of workers' compensation (§ 3600) and rendered the "going and coming" rule inapplicable. (2 Cal.3d at p. 506.)[2]

The court in *Garzoli* twice emphasized that the officer was in uniform. (*Garzoli* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.3d 502.) The wearing of

---

[2]In the proceedings below, the Lottery argued that section 3600.3 governed this case, and the Board dissenter (the only member of the Board to consider the question) appears to have accepted that premise. They were mistaken.

Section 3600.3 provides as relevant: "(a) For the purposes of Section 3600, an off-duty peace officer, *as defined in subdivision (b),* who is performing, within the jurisdiction of his or

a uniform signals to criminals as well as citizens in need of assistance that the officer is a law enforcement officer. (*Carrillo* v. *Workers' Comp. Appeals Bd.* (1983) 149 Cal.App.3d 1177, 1180 [197 Cal.Rptr. 425].) Cases from the Court of Appeal that have followed *Garzoli*, and that have found workers' compensation liability, have done so only where uniformed officers were involved. (See *Carrillo* v. *Workers' Comp. Appeals Bd.*, *supra*, 149 Cal.App.3d at p. 1180; *Minor* v. *Sonoma County Employees Retirement Bd.* (1975) 53 Cal.App.3d 540, 542 [126 Cal.Rptr. 16]; see also *Petrocelli* v. *Workmen's Comp. Appeals Bd.* (1975) 45 Cal.App.3d 635 [119 Cal.Rptr. 620].)[3] Conversely, in *Luna* v. *Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 77 [244 Cal.Rptr. 596], the court denied workers' compensation coverage to an off-duty officer who was injured on his way to the station house. The court considered, as an important factor, that the officer was not in uniform. (*Id.* at p. 84.)

We conclude that since Garcia was not in uniform at the time of his injury, he is not entitled to compensation under *Garzoli* as he contends. Rather, we conclude the going and coming rule applies to bar Garcia's workers' compensation recovery. The Board erred in concluding otherwise.

---

her employing agency, a service he or she would, in the course of his or her employment, have been required to perform if he or she were on duty, is performing a service growing out of and incidental to his or her employment and is acting within the course of his or her employment if, as a condition of his or her employment, he or she is required to be on call within the jurisdiction during off-duty hours. [¶] *(b) As used in subdivision (a), 'peace officer' means those employees of the Department of Forestry and Fire Protection named as peace officers for purposes of subdivision (b) of Section 830.37 of the Penal Code. . . .*" (Italics added.) The italicized language in plain terms applies only to peace officers employed by the Department of Forestry and Fire Protection, not to other peace officers such as lottery agents. Our review of the legislative history of section 3600.3 confirms this view.

Although not cited by the parties, we also note that section 3600.2 speaks to the compensability of injury to off-duty peace officers. However, by its express terms section 3600.2 applies only to peace officers "as defined in Section 50920 of the Government Code." State lottery agents are not included in the definition of peace officers set out in Government Code section 50920, so section 3600.2 does not apply to state lottery agents such as Garcia. In the instant case, since neither side has argued that section 3600.2 has any effect on this dispute, we have no occasion to discuss the statute further.

[3]*Garzoli* involved a situation where the officer was performing no law enforcement function other than his commute. He was not, for example, investigating a crime or responding to the scene of an accident. (Cf. *Minor* v. *Sonoma County Employees Retirement Bd.*, *supra*, 53 Cal.App.3d 540 [off-duty officer assisting at automobile accident]; *Petrocelli* v. *Workmen's Comp. Appeals Bd.*, *supra*, 45 Cal.App.3d 635 [off-duty officer investigating suspicious activity]; see also Gov. Code, § 50921.) We do not suggest, and indeed have no reason to determine, whether an off-duty officer must be in uniform when performing active law enforcement duties in order to be within the scope of employment. Here, Garcia was merely walking to his car. That activity was analogous to the officer's commute in *Garzoli*. Garcia's mere act of walking to his car was insufficient to avoid the ordinary application of the going and coming rule.

## DISPOSITION

The order of the Board is annulled. The case is remanded to the Board with directions to enter a new order conforming to the views set forth in this opinion.

Blease, Acting P. J., and Sparks, J., concurred.