[No. B105593. Second Dist., Div. One. Oct. 17, 1997.]

RALPHS GROCERY COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CASEY RENEE
MOELLER, a Minor, etc., et al., Respondents.

COUNSEL

Kegel, Tobin & Truce and Nancy J. Hankinson for Petitioner.

Fred M. Charness and Barry Satzman for Respondents.

OPINION

**ORTEGA, Acting P. J.**—Petitioner Ralphs Grocery Company seeks to annul the respondent Workers' Compensation Appeals Board's award of death benefits to an employee's surviving minors. We conclude the injury was noncompensable and annul the award.

## FACTS

Mark Moeller was a 32-year-old meatcutter employed by Ralphs for 10 years when he died of a heart attack while at home on a Sunday evening, June 1, 1992. Moeller had not worked at Ralphs since October 29, 1991, when he went on disability leave due to an industrial injury to his finger. Because of declining sales, Ralphs laid off Moeller in November 1991, while he was still on disability leave. On June 1, 1992, the day before Moeller was scheduled to return to work from the layoff, he suddenly collapsed and died of a heart attack.[1]

On the date of death, which is also the date of the alleged industrial injury, Ralphs telephoned Moeller at home and told him to report back to work the next day, June 2, 1992. Ralphs offered Moeller a part-time meatcutter's position without benefits. This offer was less than what Moeller, who was in financial difficulty, had hoped to receive.

Moeller had been diagnosed with colon cancer in May 1991, and the layoff had eliminated his medical insurance benefits. After the layoff, Moeller had to deplete the family savings to pay for chemotherapy and radiation treatments. Moeller's wife worked part time as a nurse and the couple had three young children to support. When Moeller received the back-to-work phone call, the news that he would be working only part time without benefits was so stressful to him that it triggered a sudden heart arrhythmia which, due to Moeller's congenital heart muscle disease, caused a fatal heart attack.

Moeller's widow, Anna Moeller, filed a claim for workers' compensation death benefits and petitioned to be appointed guardian ad litem and trustee for the minors. After Ralphs denied her claim, Mrs. Moeller took no action. Ralphs gave notice her claim would be dismissed unless, within 180 days, she filed an application to have her claim adjudicated. (Lab. Code, § 5404.5.)

Mrs. Moeller filed an application, but beyond the 180-day period. The application listed herself and the three minors as applicants. At that time, no guardian ad litem had been appointed for the minors. Ralphs objected that the claim had been dismissed by operation of law under Labor Code section 5404.5.

At trial, the workers' compensation judge (WCJ) appointed Mrs. Moeller guardian ad litem of the three minors, joined the minors as parties to her

---

[1]For reasons not evident in the record, Ralphs did not dispute at trial that Moeller was still employed by Ralphs despite having been laid off.

claim, and dismissed Mrs. Moeller as an applicant under Labor Code section 5404.5. Accordingly, the minors were the sole applicants at trial.

The WCJ found, accepting Mrs. Moeller's expert medical witness's opinion and rejecting Ralphs' conflicting medical evidence, that the back-to-work phone call was so stressful it triggered a sudden arrhythmia and fatal heart attack. The WCJ further found the phone call arose out of and occurred during the course of employment, despite the undisputed evidence that Moeller had not worked at Ralphs since October 29, 1991, had been laid off since November 1991, and had died the day before he was to return to work.

After the board rejected Ralphs' petition for reconsideration, Ralphs filed a writ petition seeking to vacate the award. We issued a writ of review.

### DISCUSSION

■ We conclude the injury did not occur in the course of employment because it happened while Moeller was off duty, off premises, and performing no special business or service for his employer.[2]

The workers' compensation system provides for compensation to injured employees "for any injury . . . arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death . . . ." (Lab. Code, § 3600.) This requirement is to be liberally construed in favor of awarding benefits. (Lab. Code, § 3202.)

■ An injury is said to arise out of employment when it " 'occur[s] by reason of a condition or incident of [the] employment . . . .' [Citation.] That is, the employment and the injury must be linked in some causal fashion. [Citation.] However, '[i]f we look for a causal connection between the employment and the injury, such connection need not be the sole cause; it is sufficient if it is a contributory cause. [Citation]' [Citation.]" (*Maher* v. *Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 729, 733-734 [190 Cal.Rptr. 904, 661 P.2d 1058], fn. omitted.) Here, Ralphs does not challenge the finding that the injury arose out of employment. Ralphs states in its petition: "While the telephone call that occurred <u>may</u> be deemed to <u>arise out of</u>

---

[2]Ralphs unsuccessfully challenged the timeliness of the minors' claim below and seeks writ review of that adverse determination. We need not reach the issue in light of our determination that the injury was not compensable.

The minors contend, for the first time, that Ralphs should have named them as respondents or real parties in interest in the petition for reconsideration. The minors assert we must dismiss Ralphs's writ petition as a result of that omission. We conclude otherwise. The minors waived the issue by failing to mention it in their opposition brief below. Moreover, the minors' mother, as guardian ad litem, was named and served in the proceedings below.

decedent's employment with Petitioner as it dealt with his returning to work, the subsequent death of Mark Moeller sometime <u>after</u> said telephone call was not in the <u>course and scope</u> of his employment with Petitioner."

The course of employment requirement " 'ordinarily refers to the time, place, and circumstances under which the injury occurs.' [Citation.] Thus ' "[a]n employee is in the 'course of his employment' when he does those reasonable things which his contract with his employment expressly or impliedly permits him to do." ' [Citation.] And, ipso facto, an employee acts within the course of his employment when ' "performing a duty imposed upon him by his employer and one necessary to perform before the terms of the contract [are] mutually satisfied." [Citation.]' [Citation.]" (*Maher* v. *Workers' Comp. Appeals Bd.*, *supra*, 33 Cal.3d at p. 733.)

When he was injured, Moeller was off duty, at home, and spending time with his family on a Sunday evening. He was engaged in no special errand or activity for Ralphs. It would be a stretch of the imagination to say that answering his home phone was an act in the course of Moeller's employment as a meat cutter with Ralphs.

■   When an employee is off duty, the employer-employee relation is temporarily suspended until the employee reenters the employer's service. In general, ". . . the employment relationship is deemed suspended from the time the employee leaves work until the time the employee resumes work. (*Kobe* v. *Industrial Acc. Com.* (1950) 35 Cal.2d 33, 35 . . . .)" (*State Lottery Com.* v. *Workers' Comp. Appeals Bd.* (1996) 50 Cal.App.4th 311, 315 [57 Cal.Rptr.2d 745].)

■   Accepting that Moeller sustained an injury when he learned of the job reassignment which triggered the fatal heart attack, we conclude Moeller was not performing a service incidental to his employment when he was injured. He was at home, on his own time, conducting his own affairs. By picking up the telephone and learning of the job assignment, Moeller discussed matters of mutual concern with his employer, but performed no service growing out of and incidental to his employment.   ■   Where there is liability under the compensation law, ". . . the right to an award is founded not 'upon the fact that the injury grows out of and is incidental to [the employee's] employment,' but rather, 'upon the fact that the *service* [the employee] is rendering at the time of the injury grows out of and is incidental to the employment.' . . ." (*Santa Rosa Junior College* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 345, 351 [220 Cal.Rptr. 94, 708 P.2d 673].) Although "liability under the compensation law has been extended to cover personal acts necessary to the comfort, convenience and welfare of the

employee," that exception has been limited to instances where "the employee at the time of injury was at work and either on the employer's premises [citations] or on a business errand off the premises [citation]." (*Fireman's Fund etc. Co.* v. *Ind. Acc. Com.* (1952) 39 Cal.2d 529, 532 [247 P.2d 707].)

■ The rationale underlying our determination also applies to the going and coming rule of nonliability. ■ "Ordinarily an employee cannot obtain workers' compensation for an injury suffered while going to or coming from the workplace (the 'going and coming' rule), because the employment relationship is deemed suspended from the time the employee leaves work until the time the employee resumes work. [Citation.] Alternatively, the injury is not compensable because when going to or coming from work the employee is rendering no service to the employer. [Citation.]". (*State Lottery Com.* v. *Workers' Comp. Appeals Bd.*, *supra*, 50 Cal.App.4th at p. 315.)

■ Had Moeller suffered a heart attack while commuting to work the morning after the back-to-work phone call, the employer-employee relationship would not yet have reattached, and Moeller would not have been rendering any service to Ralphs while commuting to work. (See *Santa Rosa Junior College* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at p. 348.) ■ The going and coming rule of nonliability applies even when an employee who voluntarily and regularly takes work home is injured while commuting. (*Ibid.*) ■ In this case, the heart attack occurred the night before Moeller was to return to work, well before the employer-employee relationship could reattach.

We conclude, as a matter of law, that the injury did not occur in the course of employment.

## DISPOSITION

The decision of the board is annulled. The case is remanded to the board with directions to enter a new order denying the claim.

Vogel (Miriam A.), J., and Masterson, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 21, 1998. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.